RAINES FELDMAN LITTRELL LLP
Hamid R. Rafatjoo (SBN 181564)
1900 Avenue of the Stars, 19th Floor
Los Angeles, CA 90067
Tel: 310.440.4100
Email: hrafatjoo@raineslaw.com

David S. Forsh (*pro hac vice* pending)
1350 Avenue of the Americas, 22nd Floor
New York, NY 10019
Tel: 917.790.7109
Email: dforsh@raineslaw.com

*Counsel for Plaintiffs Lombardi Construction, Inc. and Chris Sznewajs*

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>PIRCH, INC.,<br><br>Debtor. | Case No. 24-01376-CL7 |
| LOMBARDI CONSTRUCTION, INC. AND CHRIS SZNEWAJS,<br><br>Plaintiffs.<br><br>v.<br><br>PIRCH, INC., LESLIE T. GLADSTONE, AND DOES 1-10,<br><br>Defendants. | Adv. Proc. No. 24-_____ |

## **COMPLAINT**

Plaintiffs allege, upon knowledge of their own acts and upon information and belief as to all other matters, as follows:

1

10209297.2

## SUMMARY OF THE ACTION

1. Pirch, Inc. ("**Pirch**" or the "**Debtor**") was a seller of high end, custom-ordered home appliances and fixtures in Southern California. As of the commencement of its bankruptcy case, Pirch was in possession of certain appliances and plumbing fixtures that had been specifically ordered by Plaintiffs, had been fully paid for by Plaintiffs, and were being held for delivery to Plaintiffs. All such products are subject to a resulting trust in favor of Plaintiffs and therefore are not property of the estate. Plaintiffs bring this action to recover their property and damages.

2. Some or all of Plaintiffs' property was being separately held by Pirch or was tagged, marked or otherwise identifiable as property of Plaintiffs. Despite Plaintiffs' request, Leslie T. Gladstone ("**Trustee**") has refused to confirm that such property will be maintained as is, without removal of any tags, marks or other identifying information, and without commingling with any other property held by the estate. In fact, the Trustee's website[1] indicates that the Trustee is in the process of organizing the products held by the estate and conducting an imminent auction to liquidate all such property. Plaintiffs seek damages from the Trustee to the extent that any postpetition act or omission has caused the failure of the resulting trust in favor of Plaintiffs or damage to the Plaintiffs' property.

## JURISDICTION AND VENUE

3. This adversary proceeding arises in and relates to the pending bankruptcy case of Pirch. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. § 1409(a). This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

---

[1] https://pages.trustesolutions.com/TrusteeGladstone.

2

10209297.2

4. Plaintiffs confirm their consent to the entry of a final order or judgment by the Court in connection with this adversary proceeding in the event that the Court, absent such consent, cannot enter such order or judgment consistent with Article III of the United States Constitution.

**PARTIES**

5. Plaintiff Lombardi Construction, Inc. ("**Lombardi**") is a corporation organized under California law with a principal place of business in Manhattan Beach, CA.

6. Plaintiff Chris Sznewajs ("**Sznewajs**") is a citizen and resident of California.

7. Defendant Pirch is a corporation organized under California law and domiciled in California. On April 19, 2024 (the "**Petition Date**"), Pirch voluntarily commenced a case under chapter 7 of the Bankruptcy Code in this Court (the "**Bankruptcy Case**").

8. Defendant Leslie T. Gladstone is the chapter 7 trustee in the Bankruptcy Case, as appointed by the Office of the United States Trustee on April 22, 2024. The Trustee maintains an office at 5656 La Jolla Blvd., La Jolla, CA 92037.

9. Plaintiffs do not know the true names or capacities of the persons or entities sued herein as Does 1-10, inclusive, and therefore sue these Defendants by such fictitious names. Each of the Doe Defendants is in some manner legally responsible for the damages suffered by Plaintiffs as alleged herein. Plaintiffs will amend this complaint to set forth the true names and capacities of these Defendants when they have been ascertained, together with additional allegations as appropriate.

**FACTUAL BACKGROUND**

**A. The Pirch Business**

10. Prior to the Petition Date, Pirch was a seller of high end, custom-ordered home appliances and fixtures in Southern California.

3

10209297.2

11. Pirch did not manufacture any appliances or fixtures. Pirch did not operate by stocking general inventory in the hope of a future sale to unknown customers. Rather, customers would first order specific products, and only then would Pirch order such products from the manufacturer or supplier.

12. Many of the products sold by Pirch were also custom-configured by the customer from a wide range of potential colors, styles and finishes. For example, a customer could select a particular style of faucet, in a specific color and finish, and with particular handles. This product configuration would then be specifically manufactured or assembled by the manufacturer or supplier to fulfill that customer's order.

13. Many appliances sold by Pirch could also be configured with particular options at the customer's order. Regardless whether the product was largely custom-configurable (like a faucet), or had some customization available (like a refrigerator with door options), or was not customizable (like a microwave), Pirch did not carry such products in inventory for future sales.

14. After Pirch received the specifically-ordered products from the manufacturer or supplier, Pirch would hold such products until the specific customer was ready for delivery. Such products were not then available for or offered by Pirch for sale to different customers. Rather, Pirch could charge the customer for extended holding periods.

15. A copy of the standard Pirch terms and conditions is attached hereto as **<u>Exhibit 1</u>**. As set forth therein, Pirch states that it "would be happy to hold **Your product** for 30 days from the time we received all products for the scheduled phase of Your job" before the customer would be charged holding costs of up to 5% per month. *See* Exhibit 1 at 2 (emphasis added).

4

10209297.2

16. In general, appliances being held for future delivery would be individually tagged with the customer name and order number, while plumbing fixtures (which are substantially smaller) were palletized for shipping and then tagged.

**B. The Sznewajs Project and Orders**

17. Lombardi has been building custom homes in the Southern California area for nearly 30 years. Lombardi was engaged by Sznewajs to build a home in Manhattan Beach, California (the "**Project**").

18. On June 28, 2022, Plaintiffs ordered certain appliances and related products for the Project from Pirch, with a requested delivery date of March 1, 2024, under order no. ORD-219189-P6Q2K9 (the "**Appliances Order**").

19. On January 27, 2023, Plaintiffs ordered certain plumbing fixtures and related products for the Project from Pirch, with a requested delivery date of July 1, 2024, under order no. ORD-233180-W3M7B7 (the "**Plumbing Order**").

20. At least some of the products in the Appliances Order or the Plumbing Order were manufactured or assembled to the specific order of the Plaintiffs.

21. The Appliances Order was fully paid by the Plaintiffs by July 21, 2023. The Plumbing Order was fully paid by the Plaintiffs by September 15, 2023.

22. As of the Petition Date, despite the full payment by Plaintiffs of the Appliances Order and of the Plumbing Order, certain products from those orders had not been delivered to Plaintiffs. A list of such products is attached hereto as **Exhibit 2** (the "**Missing Products**").

23. Prior to the Petition Date, Pirch had confirmed by email to Lombardi that some of the Missing Products had been ordered and received by Pirch and were ready for delivery.

5

10209297.2

24. Based on its experience in the industry and with Pirch, and given the early order dates of the Appliances Order and the Plumbing Order, Lombardi believes that many if not all of the Missing Products were ordered and actually received by Pirch prior to the Petition Date.

25. The Missing Products that were received by Pirch or by the estate at any time are referred to herein as the "**Trust Products**".

C. <u>The Risk to Trust Property</u>

26. On May 3, 2024, the Debtor filed its schedules and statement of financial affairs [No. 24-01376, Dkt. 48] (the "**Schedules**"). The Debtor did not provide a relevant response to Item 21 of the Statement of Financial Affairs (requiring any property held or controlled by a debtor but owned by another to listed, including property "being stored for, or held in trust") but appears to deny holding any property in trust for its customers. *See* Schedules at 116.

27. On May 15, 2024, the Plaintiffs, by their undersigned counsel, gave written notice to the Trustee that the Trust Products were held in a resulting trust under California law. In this notice, the Plaintiffs also requested that the Trustee confirm (i) that the Trust Property will be promptly delivered to, or made available for pickup by, Plaintiffs, and (ii) that the Trust Property will not be disposed of, will not have markings or identifying information removed, and will not be commingled with other property held by the estate.

28. Despite subsequent correspondence with the Trustee and her counsel, and despite a second express written request, the Trustee has not substantively responded to the Plaintiffs' resulting trust claim and has not provided the requested confirmation.

29. On May 20, 2024, the Trustee directed the undersigned to the Trustee's website (https://pages.trustesolutions.com/TrusteeGladstone), which discloses an imminent sale motion and indicates that the Trustee is in the process of organizing the appliances and will

soon be conducting an auction to liquidate all property held by the estate, without any exclusion for the Trust Property.

### FIRST CLAIM FOR RELIEF

### (Against all Defendants for Declaratory Judgment of Resulting Trust over the Received Products)

30. Plaintiffs repeat and reallege the allegations contained in the preceding paragraphs of this Complaint as if fully set forth herein.

31. Under California law, "[a] resulting trust arises from a transfer of property under circumstances showing that the transferee was not intended to take the beneficial interest." *In re Sale Guar. Corp.*, 220 B.R. 660, 664 (9th Cir. B.A.P. 1998), *aff'd*, 199 F.3d 1375 (9th Cir. 2000) (internal marks and quotation omitted); *Lezinsky v. Mason Malt Whisky Distilling Co.*, 185 Cal. 240, 244 (Cal. 1921) ("The rule is too well established to admit of serious dispute that where property is acquired in the name of A., but for a consideration furnished by B., it will be taken, in the absence of countervailing circumstances, that B. is the real owner, and that A. holds the title in his name as trustee merely, that is, there is a resulting trust with him as trustee and B. as beneficiary."); *see also* Restatement (Third) of Trusts § 9 (2003) ("where a transfer of property is made to one person and the purchase price is paid by another, a resulting trust arises in favor of the person by whom the purchase price is paid.").

32. Pirch acquired the Trust Property at the request of Plaintiffs.

33. Pirch acquired the Trust Property with consideration furnished by Plaintiffs, who had paid in full for the Appliances Order and the Plumbing Order.

34. Pirch acquired and held the Trust Property at all relevant times with the intention and for the purpose of delivering such property to Plaintiffs.

35. The Trust Property was and is held in a resulting trust for the benefit of Plaintiffs.

7

10209297.2

36. The Debtor has only bare legal title to the Trust Property.

37. The Trust Property is beneficially owned by Plaintiffs. All equitable interests in the Trust Property are held by Plaintiffs.

38. The Trust Property is not property of the estate pursuant to section 541(d) of the Bankruptcy Code. *See In re Golden Triangle Cap., Inc.*, 171 B.R. 79, 83 (9th Cir. B.A.P. 1994) ("a resulting trust cannot be part of the debtor's estate").

39. Plaintiffs seek a declaratory judgment that the Trust Products were held by Pirch, and are held by the estate, in a resulting trust for the benefit of Plaintiffs, and that the Trust Property is not property of the estate.

## SECOND CLAIM FOR RELIEF

### (Against Pirch for Breach of Contract)

40. Plaintiffs repeat and reallege the allegations contained in the preceding paragraphs of this Complaint as if fully set forth herein.

41. Each of the Appliances Order and Plumbing Order is a valid contract enforceable in accordance with its terms.

42. Plaintiffs have fully performed under each of the Appliances Order and Plumbing Order.

43. Pirch has breached the Appliances Order and the Plumbing Order by failing to deliver the products ordered thereunder.

44. Plaintiffs have been damaged as a direct and proximate result of Pirch's breaches of the Appliances Order and the Plumbing Order as set forth herein.

8

10209297.2

### THIRD CLAIM FOR RELIEF

**(Against all Defendants for Unjust Enrichment)**

45. Plaintiffs repeat and reallege the allegations contained in the preceding paragraphs of this Complaint as if fully set forth herein.

46. The Defendants have received and been enriched from the consideration provided by the Plaintiffs for the Appliances Order and the Plumbing Order.

47. The Defendants were and are aware that the consideration from the Plaintiffs was provided in the expectation of receiving products specifically ordered by them.

48. The Defendants have wrongfully failed to deliver the Trust Property to the Plaintiffs.

49. It is inequitable for the Defendants to have benefited from the consideration provided by Plaintiffs and also to retain and benefit from the Trust Property that was purchased with such consideration.

50. Plaintiffs have been and continue to be damaged as a direct and proximate result of Defendants' wrongful retention of the Trust Property.

### FOURTH CLAIM FOR RELIEF

**(Against the Trustee and Does 1-10 for Negligence)**

51. Plaintiffs repeat and reallege the allegations contained in the preceding paragraphs of this Complaint as if fully set forth herein.

52. The Trustee has actual knowledge that the Plaintiffs claim that the Trust Property is held in a resulting trust for the benefit of the Plaintiffs.

53. The Trustee is subject to the same duties as Pirch with respect to the Trust Property. *See* 28 U.S.C. § 959(b).

10209297.2

54. The Plaintiffs have requested confirmation from the Trustee that, among other things, markings or other identifying information will not be removed from the Trust Property, and that the Trust Property will not be commingled with other property held by the estate. The Trustee has failed to provide such confirmation.

55. The Trustee is not taking reasonable steps to protect and preserve the Trust Property as distinct from other property pending a determination of whether the Trust Property is held in trust.

56. The Trustee's failures to satisfy her duties, or actions in contravention of her duties, in connection with the Trust Property have been assisted or furthered by Does 1-10.

57. To the extent that (i) tags or other markings are (or have already been) removed from the Trust Property during the postpetition period, or (ii) the Trust Property is commingled with property of the estate, and such removal or commingling damages the Trust Property or Plaintiffs' claims to such property, Plaintiffs hereby assert a claim for damages against the Trustee and Does 1-10.

### FIFTH CLAIM FOR RELIEF

**(Against the Trustee and Does 1-10 for Conversion)**

58. Plaintiffs repeat and reallege the allegations contained in the preceding paragraphs of this Complaint as if fully set forth herein.

59. At all relevant times, the Trust Property was held in a resulting trust for the benefit of the Plaintiffs. The Plaintiffs are the beneficial owners of, and have all equitable interests in, the Trust Property.

60. The Trustee is wrongfully retaining and refusing to return the Trust Property to the Plaintiffs.

10209297.2

61. The Trustee is wrongfully seeking to sell the Trust Property, despite knowing of Plaintiffs' claim that the Trust Property is held in a resulting trust for the benefit of the Plaintiffs and is not property of the estate.

62. The Trustee's wrongful actions in connection with the Trust Property have been assisted or furthered by Does 1-10.

63. Plaintiffs have been damaged as a direct and proximate result of the Trustee's wrongful retention and refusal to return the Trust Property, and will be damaged by the Trustee's desired sale of the Trust Property.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request judgment in their favor and against Defendants as follows:

i. declaratory judgment that the Trust Property is held in a resulting trust for the benefit of Plaintiffs and is not property of the estate;

ii. actual damages in an amount to be determined;

iii. punitive damages in an amount to be determined;

iv. attorneys' fees and costs incurred by Plaintiffs in prosecuting this action; and

v. such other relief as the Court deems just and proper.

Dated: May 20, 2024         RAINES FELDMAN LITTRELL LLP

Hamid R. Rafatjoo (SBN 181564)
David S. Forsh (*pro hac vice* pending)

*Counsel for Plaintiffs Lombardi Construction, Inc. and Chris Sznewajs*

11

10209297.2